IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELLUS GREEN; JENNIVIE GREEN; JENNIVIE GREEN Guardian ad litem for C.G.,<br><br>Plaintiffs,<br>v.<br><br>DEPUTY R. BETZ individually and in his capacity as a Deputy Sheriff for the COUNTY OF ALAMEDA; DOES 1-10, inclusive, individually and in their capacities as DEPUTY SHERIFFS for the COUNTY OF ALAMEDA,<br><br>Defendants. | No. C 13-1671 MMC<br><br>**ORDER DISMISSING JENNIVIE GREEN'S AND C.G.'S CAUSES OF ACTION WITHOUT LEAVE TO AMEND AND DISMISSING MARCELLUS GREEN'S STATE LAW CAUSES OF ACTION WITH LEAVE TO AMEND** |

Before the Court is Deputy R. Betz's ("Betz") motion, filed July 2, 2013, to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the second through eighth causes of action contained in the complaint of plaintiffs Marcellus Green, Jennivie Green, and Jennivie Green in her capacity as guardian ad litem for C.G. (collectively "the Greens"). The Court, having read and considered the papers filed in support of and in opposition to the motion, rules as follows.[1]

---

[1] By order filed September 17, 2013, the Court took the motion under submission.

## BACKGROUND[2]

On September 8, 2011, as Marcellus Green, Jennivie Green, and their son C.G. were leaving Children's Hospital in Oakland, they were approached by Betz, an Alameda County Deputy Sheriff.  (Compl. ¶¶ 11–12.)  Betz "became aggressive" with Marcellus Green, ultimately placing Marcellus Green in a choke hold, hitting him in the face, Tasering him in the back for forty-five seconds, applying handcuffs, and then Tasering him again while his family watched.  (Compl. ¶¶ 13, 16, 17, 18, 20, 22.)  After the incident, Marcellus Green was taken to a hospital.  (Compl. ¶ 23.)  He suffered a back injury, bruising, and sprains.  (Compl. ¶ 24.)

On March 8, 2012, the Greens filed a claim against the County of Alameda under the California Tort Claims Act.  (See Decl. of Kenneth Maiolini ("Maiolini Decl.") Ex. C); see also Cal. Gov. Code § 945.4 (providing suit for money or damages based on injury to person or property may not be brought against public entity until written claim therefor has been presented to public entity).  On the claim form, under "Claimant's Name" was written "Marcellus Christopher Green, et al., See Attachment," the last four words of which were handwritten.  (Maiolini Decl. Ex. C.)  The attachment listed the "Claimants" as "Marcellus Christopher Green, C. Green, a minor by and through his guardian ad litem, Marcellus Christopher Green and Jennivie Green," listed their address as that of their attorney, and included the following instruction: "Counsel represents claimants and all contact should be made with attorney only."  (Id.)[3]  The Board of Supervisors of Alameda County by letter dated May 24, 2012, rejected the Greens' claim (see Req. for Judicial Notice ("RJN") Ex. A at 1) and that same day mailed notice of the rejection to the Greens' attorney at the

---

[2] The following facts are taken either from the Greens' complaint or from Betz's unopposed request for judicial notice.

[3] In their opposition, the Greens note that the copy of the claim form submitted for judicial notice differs from their copy in that "[d]efendant's version has a handwritten claim number in the top right corner of the first page and an 'AIMS' file stamp dated March 14, 2012." (Opp'n at 6 n.1.)  The Greens have not submitted their copy, but, in any event, one would expect that, at some point after receiving a claim, the county would assign it a claim number.

address listed in their claim form (see RJN Ex. A at 2). In addition, the notice of rejection contained the following "Warning" pursuant to California Government Code section 945.6: "[Y]ou have only six (6) months from the date this notice was . . . deposited in the mail to file a court action on this claim." (Id.)

On November 20, 2012, Marcellus Green, on his sole behalf, filed in this district a complaint against Alameda County, Gregory Ashern in his capacity as Alameda County Sheriff, and twenty-five Doe deputy sheriffs. (RJN Ex. B at 1.) The complaint was brought under 42 U.S.C. § 1983 and also included various state law causes of action. (Id.) Defendants thereafter moved to dismiss. On February 25, 2013, the complaint was dismissed with leave to amend on or before March 14, 2013. (RJN Ex. D at 5.) When Marcellus Green failed to file an amended complaint, the action was dismissed without prejudice. (RJN Ex. E at 2.)

On April 12, 2013, approximately one month after the above-referenced deadline to amend had passed, Marcellus Green, Jennivie Green, and C.G. filed the present action. By the instant complaint, Marcellus Green asserts against Deputy Betz the same claims he alleged against the Doe deputy sheriffs in his original action, specifically: "42 U.S.C. Section 1983"; "Assault and Battery"; "False Arrest and Imprisonment"; "Intentional Infliction of Emotional Distress"; "Negligent Infliction of Emotional Distress"; "Violation of Civil Code Section 51.7"; "Violation of Civil Code Section 52.1"; and "Negligence."[4] In addition to the claims brought in the original lawsuit, however, the instant complaint includes, in the claim for "Negligent Infliction of Emotional Distress," two new plaintiffs: Jennivie Green and C.G. Betz now moves to dismiss each of the Greens' state law causes of action on the ground that the statute of limitations has run, and, as to several of those causes of action, on various additional grounds.

## LEGAL STANDARD

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure can be based

---

[4] The sole material difference is the instant complaint's omission of the Fifth Amendment as a basis for the claim under section 1983.

on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Rule 8(a)(2), however, "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). Consequently, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." See id. Nonetheless, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." See id. (internal quotation, citation, and alteration omitted).

In analyzing a motion to dismiss, a district court must accept as true all material allegations in the complaint, and construe them in the light most favorable to the nonmoving party. See NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). "To survive a motion to dismiss, a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" Twombly, 550 U.S. at 555. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." See Iqbal, 556 U.S. at 678 (internal quotation and citation omitted).

Generally, a district court, in ruling on a Rule 12(b)(6) motion, may not consider any material beyond the complaint. See Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). Documents whose contents are alleged in the complaint, and whose authenticity no party questions, but which are not physically attached to the pleading, however, may be considered. See Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994). In addition, a district court may consider any document "the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies," regardless of whether the document is referenced in the complaint. See Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998). Finally, the Court may consider matters that are subject to judicial notice. See Mack v. S. Bay Beer Distribs., Inc., 798 F.2d 1279, 1282 (9th

## DISCUSSION

**A. Jennivie Green and C.G.**

The California Tort Claims Act ("CTCA") establishes a procedure for presentation of claims brought against state public entities. The CTCA requires "a claim relating to a cause of action for . . . injury to a person" to be "presented" to the responsible public entity "not later than six months after the accrual of the cause of action." Cal. Gov. Code § 911.2(a). The CTCA further provides:

> [A]ny suit brought against a public entity on a cause of action for which a claim is required to be presented . . . be commenced:
> (1) If written notice is given . . . , not later than six months after the date such notice is personally delivered or deposited in the mail.
> (2) If written notice is not given . . . , within two years from the accrual of the cause of action.

Cal. Gov. Code § 945.6.[5]

Here, all of the Greens' claims allege injury to Marcellus Green, and, as Betz points out, the instant lawsuit was filed almost eleven months after the Greens were sent notice that their claim had been rejected, i.e., approximately five months after the expiration of the limitations period.

In their complaint, the Greens make no reference to the timeliness of their lawsuit other than to state conclusively that they have "complied with all applicable requirements" of the CTCA. (Compl. ¶ 10.) In their opposition, however, they argue that, because the county's notice of rejection does not explicitly "name [p]laintiffs Mrs. Green and C.G." or "acknowledge the existence of multiple claimants by using the 'et al.,' designation," Jennivie Green's and C.G.'s claims should be treated as though notice was not given under the CTCA. (Opp'n at 7.) Consequently, the Greens argue, Jennivie Green and C.G. had two years from the date of the incident within which to file their claim. See Cal. Gov. Code § 945.6(a)(2). As set forth below, the Court disagrees.

---

[5] Section 1983 claims are not subject to California's claim procedure. Williams v. Horvath, 16 Cal. 3d 834, 842 (1976) (holding claim provision of CTCA "inoperative in an action brought under section 1983").

5

The notice of rejection, in accordance with the Greens' instructions, was addressed and mailed to the Greens' attorney (see RJN Ex. A at 1; Maiolini Decl. Ex. C) and, following the salutation, which, again consistent with the Greens' instructions, is to the Greens' attorney, states: "[T]he claim for damages you presented to the Clerk, Board of Supervisors of Alameda County on March 8, 2012 was rejected on May 24, 2012" (RJN Ex. A at 1). As discussed above, the claim the Greens' attorney presented on March 8, 2012, was filed on behalf of all three of the Greens. (See Maiolini Decl. Ex. C.)

Accordingly, to the extent the cause of action for "Negligent Infliction of Emotional Distress" is brought on behalf of Jennivie Green and C.G., said cause of action will be dismissed without leave to amend. See Gadda v. State Bar of California, 511 F.3d 933, 939 (9th Cir. 2007) (holding dismissal without leave to amend proper where amendment would be futile).

**B. Marcellus Green**

**1. Statute of Limitations**

Although the complaint, as noted above, contains no facts bearing upon the timeliness of its filing, Marcellus Green, in opposition to the instant motion, points out he was placed under arrest on the date of the incident and that the charges arising therefrom were not "finally disposed of" until July 16, 2012. (Opp'n at 6.) Citing the CTCA, he argues that the statute of limitations was "tolled during the period of time during which criminal charges were pending against him." (Id.) See Cal. Gov. Code § 945.3 ("Any applicable statute of limitations for filing and prosecuting [a civil action relating to criminal charges brought against the plaintiff] shall be tolled during the period that the charges are pending before a superior court."). Additionally, citing Brown v. Napa Valley Sch. Dist., 2012 WL 1831539, at *5-6 (N.D. Cal. 2012), he argues that "the pendency of the initial lawsuit provides a further basis for tolling." (Opp'n at 6.)

As noted, the filing of the instant action exceeded the limitations period by approximately five months. Although the Greens are correct that, pursuant to section 945.3, the limitations period as to Marcellus Green was tolled for close to two months, their

6

reliance on Brown to account for the balance is misplaced. In Brown, the district court cited to the Ninth Circuit's recitation of the test for equitable tolling under California law, as follows:

> "A plaintiff's pursuit of a remedy in another forum equitably tolls the limitations period if the plaintiff's actions satisfy three factors: 1) timely notice to the defendants in filing the first claim; 2) lack of prejudice to the defendants in gathering evidence for the second claim; and 3) good faith and reasonable conduct in filing the second claim."

Brown, 2012 WL 1831539, at *5-6 (quoting Cervantes v. City of San Diego, 5 F.3d 1273, 1275 (9th Cir. 1993)).

The above-quoted test, however, is applicable where an injured person, "possessing several legal remedies . . . , reasonably and in good faith . . . pursues one designed to lessen the extent of his injuries or damage." Cervantes v. City of San Diego, 5 F.3d at 1275 (citing Addison v. California, 21 Cal. 3d 313, 317 (1978)); see also Thomas v. Gilliland, 95 Cal. App. 4th 427, 434 (2002) ("The doctrine of equitable tolling . . . only applies where the plaintiff has alternate remedies and has acted in good faith."). Where, as here, a complaint is dismissed with an opportunity to amend and, instead of amending, the plaintiff files a new lawsuit after the limitations period has run, the following test applies:

> (1) the plaintiff must have diligently pursued his or her claim; (2) the fact that the plaintiff is left without a judicial forum for resolution of the claim must be attributable to forces outside the control of the plaintiff; and (3) the defendant must not be prejudiced by application of the doctrine[.]

Hull v. Cent. Pathology Serv. Med. Clinic, 28 Cal. App. 4th 1328, 1336 (1994) (citing Wood v. Elling Corp., 20 Cal. 3d 353, 361–62 (1977)). Moreover, in applying such test, California courts have expressly denied equitable tolling under circumstances procedurally indistinguishable from those presented here. See Wood, 20 Cal. 3d at 359 ("In the absence of a statute, a party cannot deduct from the period of the statute of limitations applicable to his case the time consumed by the pendency of an action in which he sought to have the matter adjudicated, but which was dismissed without prejudice to him[.]"); Martell v. Antelope Valley Hosp. Med. Ctr., 67 Cal. App. 4th 978, 985 (1998) (denying equitable relief where "appellants pursued successive claims in the same forum, and

1  therefore equitable tolling did not apply" (emphasis in original)).

2  Because Marcellus Green relied on an inapplicable test for tolling, however, the Court will afford him an opportunity to file an amended complaint setting forth, if he can do so, facts warranting equitable tolling under the relevant test.

Accordingly, each of Marcellus Green's state law causes of action will be dismissed as untimely, with leave to amend as set forth above.

### 2. Racial Discrimination

In addition to the above-discussed ground for dismissal, Betz further argues that Marcellus Green has failed to plead facts sufficient to state a claim under California Civil Code section 51.7. To state a claim under section 51.7 on the basis of race, a plaintiff must allege (1) that "the defendant threatened or committed violent acts against the plaintiff or his property"; (2) that "a motivating reason for the defendant's conduct was his/her perception of the plaintiff's [race]"; (3) that "the plaintiff was harmed"; and (4) that "the defendant's conduct was a substantial factor in causing plaintiff's harm." Austin B. v. Escondido Union Sch. Dist., 149 Cal. App. 4th 860, 880–81 (Cal Ct. App. 2007).

Here, in their complaint, the Greens allege only that Marcellus Green "is and was readily recognizable as African-American." (Compl. ¶ 44). Although, in their opposition, they additionally contend "Betz's actions were so outrageous and incongruous to the situation he encountered with [p]laintiffs that . . . it must have been motivated by racial animus" (Opp'n at 9), such contention, even if pleaded along with the above-quoted allegation, would fail "to raise a right to relief above the speculative level." See Twombly, 550 U.S. at 555.

Accordingly, Marcellus Green's claim under section 51.7 will be dismissed for such additional reason, with leave to amend to cure the additional deficiency.

### 3. Injunctive Relief

Lastly, Betz argues that Marcellus Green has failed to plead facts sufficient to show his standing to seek injunctive relief under California Civil Code section 52.1. In particular, Betz argues, Marcellus Green has not alleged facts sufficient to show he is likely to suffer

8

future injury in the absence of an injunction. See City of Los Angeles v. Lyons, 461 U.S. 95, 105 (1983) (reversing order granting injunctive relief; noting "standing to claim damages . . . does nothing to establish a real and immediate threat that [plaintiff] would again be stopped . . . by an officer or officers who would illegally choke him into unconsciousness without any provocation or resistance on his part").

Accordingly, Marcellus Green's claim for injunctive relief under section 52.1 will be dismissed for such additional reason and, again, with leave to amend to cure the additional deficiency.

## CONCLUSION

Defendant's motion to dismiss is hereby GRANTED as follows:

1. Jennivie Green's and C.G.'s claims are hereby DISMISSED.

2. Marcellus Green's state law claims are hereby DISMISSED with leave to amend as set forth above to cure the deficiencies noted.

3. Marcellus Green's amended complaint, if any, shall be filed no later than October 11, 2013.

**IT IS SO ORDERED.**

Dated: September 24, 2013

MAXINE M. CHESNEY
United States District Judge